UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MANUEL PHILLIP VILLALOBOS,<br><br>    Defendant. | Case No. 3:19-cr-00040-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Manuel Villalobos's Motion to Continue Trial. Dkt. 109. Because the trial date is fast approaching, the Court expedited briefing on the Motion. Dkt. 110. The Government responded in opposition. Dkt. 111. Villalobos replied. Dkt. 112. The matter is now ripe for adjudication.

## II. BACKGROUND

Villalobos was originally charged via Criminal Complaint on February 7, 2019. Dkt. 1. The stated offense was unlawful possession of a firearm in violation of 18 U.S.C. 922(g)(1) and 924(a)(2). *Id.* The following week, on February 13, 2019, a grand jury indicted Villalobos on the same charge. Dkt. 11.

On July 10, 2019, the grand jury returned a superseding indictment that added four charges of Assault upon a Federal Officer, four counts of Use of a Firearm During and in Relation to a Crime of Violence (one for each of the assault counts), and a charge for Possession of an Unregistered Firearm. Dkt. 24.

MEMORANDUM DECISION AND ORDER - 1

On August 14, 2019, another superseding indictment was issued. Dkt. 28. The charges remained the same. That document stands as the operative indictment.

On February 21, 2020, Villalobos's Counsel filed a Motion for Competency Determination. Dkt. 40. Thus began a multi-year endeavor to determine whether Villalobos was competent to stand trial. The Court has carefully detailed this history in its prior decisions and will not restate it here. *See, e.g.,* Dkt. 74, at 2–12. Ultimately, on September 21, 2022, the Court found Villalobos competent. Dkt. 85. At that time, the Court set this matter for trial on February 21, 2023. *Id*.

Numerous motions followed. Dkts. 89–92. Considering those motions, the Court continued trial—at the parties' joint request—until August 28, 2023. Dkt.96.

Villalobos now moves for a 120-day continuance of the current trial setting. Dkt. 109. The Government opposes the motion. Dkt. 111.

### III. DISCUSSION

Villalobos's primary justification for a continuance of the current trial setting is discovery. He claims the Government recently turned over some 500 pages of discovery he must review. He also claims he has other outstanding discovery requests and, of course, must undertake other pre-trial preparations.

As best the Court can tell from the parties' explanations, this new discovery is not entirely *new*. That does not mean the discovery is inconsequential or does not take time to review; but it is not the first time Villalobos is seeing some, or most, of these documents. And he does not dispute the Government's contention that this batch of

MEMORANDUM DECISION AND ORDER - 2

discovery is largely repetitive. Instead, he complains that it took the Government an extended period of time to turn it over. [1] Dkt. 112, at 1.

For three reasons, the Court finds that Villalobos's concerns do not warrant a 120-day continuance.

First, there is no evidence that the Government's delay in turning over this material was improper or unfairly prejudicial. The Court appreciates that it takes time to review (and re-review) discovery. However, Villalobos has three attorneys representing him in this case. Furthermore, though the Court expects both sides to turn over discovery as promptly as they can, it understands that the nature of litigation—and both parties' counsel having multiple cases—means this process often takes time. But the Court will encourage all to make this case a priority. More on that to come.

Second, the Court is concerned with the speedy resolution of this matter. This is one of the Court's oldest criminal cases. Though there are simple explanations for why the case is old—namely the years long process of determining competency—the fact is that the Court determined Villalobos was competent to proceed some ten months ago and has already continued trial once to address motions filed by Villalobos.

Finally, Villalobos asks for a continuance of "up to 120 days." Dkt. 109, at 7. Because of the Court's trial calendar across the state, and the fact that this trial will likely

---

[1] Villalobos also asserts that because there are multiple FBI case numbers at issue here, it is difficult to organize the discovery. Again, while understandable, this is not a reason to continue trial. The Government has provided an explanation and the parties should continue to work together to ensure there is mutual understanding on the discovery timeline and how the various cases and documents relate.

take longer than one week, there simply is no time to move this trial within 120 days of its current setting. At this point, the Court would be re-setting the matter for spring or summer 2024. A delay of this length would run counter to the Court's second concern: the speedy resolution of this matter for Villalobos and the Government.

In sum, though the Court understands the need to review discovery and make other necessary trial preparations,[2] those factors are part and parcel to litigation and do not warrant a continuance in this matter. Instead, the Court expects all parties to make this case a priority for the next six weeks to ensure a fair and speedy trial.

## IV. CONCLUSION

Under the circumstances, the Court finds that a continuance is not warranted. Receiving 500 pages of discovery—some or most of which is repetitive—is not justification alone for a continuance. The other stated reasons—general trial preparation—are incidental to every case, and do not warrant special action here. Trial will remain set for August 28, 2023. All other deadlines remain set as previously outlined. *See* Dkt. 96.

///

///

///

///

---

[2] Villalobos mentions potentially filing a motion for jury questionnaire as one of his pre-trial tasks. Dkt. 109, at 6. The Court has never utilized a questionnaire in preparation for trial (apart from the one issued by the jury commissioner). It does not see the need to do so in this case. However, if Villalobos intends to make such a motion, he should do so swiftly so that the Court can consider the matter before jury summonses are sent out.

MEMORANDUM DECISION AND ORDER - 4

## V. ORDER

IT IS HEREBY ORDERED that:

1. Villalobos's Motion to Continue (Dkt. 109) is DENIED.

DATED: July 13, 2023

David C. Nye
Chief U.S. District Court Judge