

Ryan Farrell, *Trial Attorney*
ID 11832 / WA 58863
601 West Riverside Avenue, Suite 900
Spokane, Washington 99201
509.624.7606
Attorney for Manuel P. Villalobos

# United States District Court
## District of Idaho

| | |
|---|---|
| **United States,** | No. 3:19-CR-40-DCN |
| Plaintiff, | **Second Motion to Dismiss Count One** |
| v. | |
| **Manuel P. Villalobos,** | |
| Defendant. | |

## I.  Introduction

On January 20, 2023, Manuel Villalobos asked the Court to dismiss Count One because 18 U.S.C. § 922(g)(1) violated the Second Amendment.[1] The Court denied that facial challenge on April 21 for three reasons[2]:

1) At *Bruen*'s[3] first step, the Court concluded that Villalobos, as a felon, is not part of "the people" protected by the Second Amendment.[4]

2) The Court concluded that the Ninth Circuit's holding in *United States v. Vongxay*[5] that § 922(g)(1) doesn't violate the Second Amendment remains binding after *Bruen*.[6]

3) At *Bruen*'s second step, the Court found "a history and tradition of restricting the Second Amendment rights of persons convicted of felonious conduct."[7]

On May 9, 2024, the Ninth Circuit issued *United States v. Duarte*,[8] which rejected these conclusions and held that § 922(g)(1) violated the Second Amendment as applied to a convicted felon. Accordingly, Villalobos now asks the Court to dismiss Count One of the controlling indictment because § 922(g)(1) is unconstitutional as applied to him.

---

[1] *See* Def. Mot. Dismiss Count One, ECF 90; Mem. Supp. Def. Mot., ECF 90-1.
[2] *See* Mem. Decision & Order, ECF 107.
[3] *N.Y.S. Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).
[4] *See* Mem. Decision & Order 12, ECF 107 ("definitionally, 'The People' are those who enjoy constitutional rights. The bounds of that polity are set . . . by law—and felons fall outside them.").
[5] 594 F.3d 1111 (9th Cir. 2010).
[6] *See* Mem. Decision & Order 18, ECF 107 ("The Court finds *Bruen* did not upend the holdings of" *Vongxay* and its progeny).
[7] *Id.* at 22.
[8] 2024 WL 2068016 (9th Cir. May 9, 2024).

## II. Argument

**A.     The law-of-the-case doctrine doesn't control.**

The Court's ruling on Villalobos's facial challenge doesn't resolve this as-applied challenge. The law-of-the-case doctrine states "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case."[9] While the Court already decided that § 922(g)(1) wasn't facially unconstitutional, it didn't decide if it was constitutional as applied to Villalobos. Even if it had, this case meets an exception to the doctrine: an intervening change in the law has occurred.[10]

**B.     The Ninth Circuit recognizes that § 922(g)(1) can violate the Second Amendment as applied to a convicted felon.**

*Bruen* established a two-part, text-and-history standard for evaluating Second Amendment challenges. The first step is to determine if "the Second Amendment's plain text covers an individual's conduct."[11] If it does, then the government must show that the challenged law "is consistent with this Nation's historical tradition of firearm regulation."[12] If the government can't carry that burden, the law is unconstitutional.[13]

---

[9] *U.S. v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998).
[10] *See id.*
[11] *N.Y.S. Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17 (2022).
[12] *Id.*
[13] *See id.*

In *Duarte*, the Ninth Circuit held that § 922(g)(1), as applied to a convicted felon, violated the Second Amendment.[14] Three key holdings supported that ultimate conclusion: (1) "*Vongxay*'s reasoning is clearly irreconcilable with *Bruen* and its holding therefore no longer controls"[15]; (2) "the original public meaning of 'the people' in the Second Amendment included, at a minimum, all American citizens"—including Duarte, a felon[16]; and (3) "there is no historical basis for Congress to effectively declare that committing any crime punishable by imprisonment for a term exceeding one year . . . will result in permanent loss of one's Second Amendment right simply because that is how we define a felony today."[17]

Since the Ninth Circuit's pre-*Bruen* precedent no longer controls, we proceed to *Bruen*'s two-part analysis.

***Bruen* step one.** The "threshold question" is whether the Second Amendment's text covers "(1) the individual, (2) the type of arm, and (3) the 'proposed course of conduct' that are at issue."[18] After *Duarte*, those answers are clear:

- ***The individual:*** Since "the people" includes "at a minimum, all American citizens"—including felons[19]—and Villalobos is an American citizen, he is covered.

---

[14] *U.S. v. Duarte*, 2024 WL 2068016, at *24 (9th Cir. May 9, 2024).
[15] *Id.* at *4.
[16] *Id.* at *9.
[17] *Id.* at *23 (quoting *N.Y.S. Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 31 (2022)) (cleaned up).
[18] *Id.* at *9 (quoting *Bruen*, 597 U.S. at 19).
[19] *Id.*

- ***The arms:*** the arms at issue are a variety of rifles and handguns, which are quintessential "arms" protected by the Second Amendment.

- ***The conduct:*** in a § 922(g)(1) prosecution, the conduct at issue is the criminalized conduct—that is, simple possession.[20] The Second Amendment protects the right to possess a firearm.

Since Villalobos, his arms, and possession of them are all covered by the Second Amendment's plain text, the government now bears the burden of showing that § 922(g)(1) is consistent with the nation's historical tradition of firearm regulation.

***Bruen* step two.** At the second step, *Duarte* tells us there is no historical tradition supporting § 922(g)(1)'s lifetime, no-exceptions ban on firearm possession by felons.[21] To carry its burden, the Government must "proffer Founding-era felony analogues that are 'distinctly similar' to [Villalobos's] underlying offenses and would have been punishable either with execution, with life in prison, or permanent forfeiture of the offender's estate."[22]

In response to Villalobos's facial challenge, the Government didn't engage with *Bruen*'s historical analysis, much less identify Founding-era felony analogues that (1) are distinctly similar to Villalobos's underlying felony offense[23] and (2) would have

---

[20] *See id.* (noting that the conduct involved in the § 922(g)(1) prosecution is "simple possession").
[21] *See id.* at *23 ("there is no historical basis for Congress to effectively declare that committing any crime punishable by imprisonment for a term exceeding one year . . . will result in permanent loss of one's Second Amendment right simply because that is how we define a felony today").
[22] *Id.* at *24 (citing *Bruen*, 597 U.S. at 27).
[23] According to the controlling indictment, Villalobos is alleged to have a prior conviction for burglary under Idaho law. *See* 2d Superseding Indictment, ECF 28 (Count One).

been punishable by execution, life imprisonment, or permanent estate forfeiture.[24] It will be unable to do so, which means § 922(g)(1) is unconstitutional as applied here.

### III. Conclusion

Manuel Villalobos can't be convicted of violating an unconstitutional law. For the reasons set forth above, it is unconstitutional to apply § 922(g)(1)'s lifetime, no-exceptions ban to him based on his prior felony. Accordingly, the Court must dismiss Count One of the controlling indictment.

Dated: May 10, 2024.

    Federal Defenders of Eastern Washington & Idaho
    Attorneys for Manuel P. Villalobos

    s/Ryan M. Farrell
    Ryan M. Farrell
    601 West Riverside Avenue, Suite 900
    Spokane, Washington 99201
    t: (509) 624-7606
    ryan_farrell@fd.org

---

[24] *See* Gov't Resp. 3–5, ECF 99. At oral argument, the Government declined to provide a historical justification for § 922(g)(1).

**Service Certificate**

I certify that on May 13, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorneys Bryce Ellsworth and David Robins.

<u>s/Ryan M. Farrell</u>
Ryan M. Farrell
601 West Riverside Avenue, Suite 900
Spokane, Washington 99201
t: (509) 624-7606
ryan_farrell@fd.org