UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MANUEL PHILLIP VILLALOBOS,<br><br>    Defendant. | Case No. 3:19-cr-00040-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION AND BACKGROUND

The Court recently held a "*Sell*" hearing[1] to determine the best course of action regarding the continued medical care of Defendant, Manuel Phillip Villalobos, III. The Court previously found Villalobos incompetent to stand trial and ordered that he be involuntarily medicated in an effort to restore competency. Villalobos is currently housed at the Federal Medical Center in Butner, North Carolina ("FMC Butner") for restorative treatment.

Earlier this summer Villalobos's medical providers petitioned the Court for a change to its prior *Sell* order. Specifically, staff at FMC Butner requested a modification to the dosage and administration method of Villalobos's medications as it appeared he was no longer progressing in treatment. Dkt. 138. After hearing from Villalobos's physicians (and

---

[1] As the Court noted during the hearing—and in its subsequent decision—this wasn't a true *Sell* hearing. *See* Dkt. 148, at 3–4. The Court already made the requisite findings under *Sell* to involuntarily medicate Villalobos. This most recent hearing was held simply to discuss a *modification* of the Court's prior order.

MEMORANDUM DECISION AND ORDER - 1

Villalobos himself), the Court determined Villalobos's medical treatment could be modified as requested by FMC Butner. That was on July 19, 2024. Dkt. 147. The Court followed its oral ruling with a written decision on August 8, 2024. Dkt. 148.

On September 7, 2024, the Court received a Forensic Evaluation from Dr. Du Bois—one of Villalobos's treating psychologists. Dkt. 149. In short, Du Bois indicates that, upon receipt of the Court's order, staff at FMC Butner began administering Villalobos's medications in accordance with said order. *Id*. at 6. Villalobos received his first dose on August 13, 2024. *Id*. Du Bois concludes his report by noting that Villalobos is still incompetent to stand trial, *but* that such is to be expected since the new treatment procedures only just begun. *Id*. at 8–9. Du Bois asks for an additional reasonable period of time to treat and evaluate Villalobos and indicates he will file semiannual reports with the Court. *Id*. at 9.

Counsel then informally requested that the Court hold a hearing to determine how long a "reasonable" time would be for Villalobos to continue treatment. As explained below, the Court finds an additional hearing not necessary *at this time*.

## II. DISCUSSION

The Court has already found Villalobos incompetent to proceed to trial at the current juncture and has already committed him for a period of restorative treatment. By statute, the Court can exceed the original four-month commitment timeframe if it believes there is "a substantial probability that within such additional period of time [the Defendant] will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(2)(A). The Court believes there is a substantial probability that Villalobos can be restored based

upon the testimony from the prior hearing.

The Court and counsel did not discuss just how long Villalobos's new treatment regime should last as part of the proceedings in July and August. But it appears that Du Bois's "semiannual reports" comment startled counsel and they are worried that Villalobos may be undergoing treatment for years to come. The Court does not know what will come of Villalobos's treatment, but it understands Counsel's concerns. That said, it does not believe a separate hearing is necessary to determine just how long Villalobos should undergo treatment. At least not at this time and so close to a new treatment program.

The Court has already found that Villalobos needs to be medicated and undergo treatment. These specific findings necessarily include a finding for a continued period of hospitalization under 18 U.S.C. § 4241(d)(2)(A). And while it is true that "once these findings are made, the court must then commit the defendant for a reasonable period of time until trial may proceed," there is limited caselaw outlining how this "reasonable" determination is to be calculated. *United States v. Loughner*, 672 F.3d 731, 768 (9th Cir. 2012). There is also limited caselaw on any associated procedures (such as a hearing).

At this stage of Villalobos's treatment, he needs to be housed at FMC Butner for evaluation and observation. It may also take some time for the recent modification to his treatment plan to have a meaningful effect on his mental state. So again, it goes without saying that there is a need for an "additional reasonable period of time" in order to see if Villalobos can be restored to competency.

While the Court did not specifically outline a timeline for Villalobos's treatment as part of its prior order, it does not see the need to hold an entirely new hearing—that involves

MEMORANDUM DECISION AND ORDER - 3

parties from across the Country—simply to analyze and discuss the actual timeline of Villalobos's treatment when it can do so based upon testimony already in the record. Dr. Graddy specifically testified at the hearing that he was confident Villalobos could be restored in three to six months assuming the new medical regime was approved. And in Du Bois's recent evaluation submitted to the Court, he opines that Villalobos's symptoms will improve in the "foreseeable future." Dkt. 149, at 9. This is sufficient for the time being.

One thing that complicates matters slightly is that Villalobos asked for new counsel at the prior hearing.[2] He also recently filed an "appeal." Dkt. 150.[3] The Court mentions these items only to reiterate that it would like to see Villalobos undergo this new treatment with as few interruptions as possible (e.g. hearings) for the time-being.

Villalobos's medication is being administered in two-week increments. Based upon the testimony at the prior hearing and the recent update, the Court finds that a continued period of hospitalization for five months *from the date of his new medication* is appropriate. Villalobos received his new medication beginning on August 13, 2024. This current period will, therefore, end on January 13, 2025. The Court would like an updated evaluation from Dr. Du Bois on or before December 13, 2024. The Court will then schedule a hearing (if necessary) to determine how to proceed. FMC Butner shall continue with the current medication regime as recently authorized by the Court.

---

[2] Because Villalobos is currently incompetent for legal purposes, the Court has not acted on his verbal motion for new counsel. That said, it is concerning and has given Villalobos's current counsel pause when acting on his behalf.

[3] Villalobos's appeal does not appear to be directly connected to the recent hearing and medication modification.

MEMORANDUM DECISION AND ORDER - 4

## III. ORDER

Villalobos is committed to the custody of the Attorney General for a period not to exceed five months from August 13, 2024, for the purpose of undergoing restorative treatment pursuant to 18 U.S.C. § 4241 at FMC Butner. This holding is subject to modification by motion of the parties or further court order.

DATED: September 26, 2024

_____
David C. Nye
Chief U.S. District Court Judge